# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

United States of America
    v.                  No. 14-1173
Andre J. Twitty,                   *14 Oct 2015

## Response To The Court's Request For Additional Briefing
## Brief In Support

On 5 October 2015, the Supreme Court granted Petitioner's Petition for Writ of Certiorari, and Vacated this Court's 20 January 2015 Judgment, affirming Petitioner's Convictions. And remanded for further consideration in light of Elonis v. U.S., 575 U.S. 1, 192 L.Ed.2d 1, 135 S.Ct 2001 (2015). On 7 Oct 2015, the Panel asked the Parties to address the following issue:

Whether the Supreme Court's decision in ELONIS, requires reversal of Petitioner's Conviction of Two counts of mailing threatening communications in violation of 18 USC 876(c)

Petitioner will base his response on (1) The Court's opinion in ELONIS, (2) The 20 August 2015, answering brief of the Solicitor General of the United States, and (3) the U.S. IXth Circuit's opinion in U.S. v. Houston, 2015 U.S. App. LEXIS 11810 (9 July 2015) A post-ELONIS decision.

## Legal Argument:

In *ELONIS*, the Court held that the "government" was required to prove that the defendant transmitted the communication for the purpose of issuing a threat, or knew that the communication would be viewed as a threat. 135 S.ct. 2012 Id.

## 18 USC 876(c):

Section 875(c), like 876(c) is part of Chapter 41, Extortions and threats, and uses language comparable to Section 876(c). Although the predecessors to Sections 875 and 876 were not enacted as part of the same act, [C]ongress explicitly referenced 876's predecessor [18 USC 338(a)] [1932] when it enacted Section 875(c) predecessor [18 USC 408(d), 1934] [See Act of 18 May 1934, Ch. 300, 48 Stat. 781 — That nothing herein shall amend or repeal Section(a), Title USC]

Likewise, as the Solicitor General [Hereinafter – SG] stated in his brief. Page "8" [See Supreme Ct Briefs. OUSDa .gov.] The reasoning of *ELONIS* applies to 18 USC 876(c), which is substantially similar to Section 875(c).

## Mens Rea:

As with Section 875(c), 876(c) does not contain a "mens rea" element. However, as the Court stated in *ELONIS* The fact that the statute does not specify any required mental state, however, does not mean that none exists. We have repeatedly held that mere omission from a criminal enactment of any mention of 'criminal intent'

should 'not' be read as dispensing with it." *Morissette v. U.S.*, 342 U.S. 246, 250, 72 S.ct 240, 96 L.Ed 288 (1952). This rule of construction reflects the basic principle that 'wrongdoing must' be conscious to be criminal... The central thought is that a defendant must be "blame worthy in mind" before he can be found guilty. A concept courts have expressed over time through various terms such as 'MENS REA', 'SCIENTER', malice aforethought, guilty knowledge and the like." *ELONIS* at 2009 Id.

Furthermore, the *ELONIS* court stated; "The general rule is that a guilty mind is a necessary "ELEMENT" in the "INDICTMENT" and proof of every crime." quoting *U.S. v. Balint*, 258 U.S. 250, 251, 42 S.ct 301, 66 L.Ed 604 (1922). Likewise, "The 'omission of an essential element of the crime 'cannot' be supplied by intendment or implication, and the charge must be made directly and not inferentially or by way of recital... "No essential element of the crime can be omitted without destroying the whole pleading." quoting *U.S. v. Hess*, 124 U.S. 483, 486, 8 S.ct 571, 31 L.Ed 516 (1888).

NO Crime:
And since the Court held; "Our case interpreting criminal statutes to include broadly applicable "Scienter" requirements, even where the statute by its terms does not contain them." quoting *U.S. v. X-Citement Video Inc*, 513 U.S. 64, 70, 117 S.ct 464, 130 L.Ed.2d 372 (1994) *ELONIS* at 2009 Id.

And as such, the Court clearly held in Gonzales v. Carhart, 550 U.S. 124, 148, 127 S.ct 1610, 167 L.Ed.2d 480 (2007) = "If ecther 'INTENT' is absent, 'NO CRIME' has occurred." quoting also, ELONIS at 2002 Id. = "The structure and purpose of the statute demand the inclusion of 'INTENT' as an 'ELEMENT' of the Crime." Dennis v. U.S, 341 U.S. 494, 499, 95 L.Ed 1137 (1951) As such, the indictment's failure to charge "INTENT," reveals a jurisdictional defect.

U.S. v. DeVaughn, 694 F.3d 1141, 1148-49 (10th Cir 2012) Supports Petitioner's Position. This Circuit clearly stated, "But if the 'indictment' had omitted an 'essential element' such as 'INTENT' would have "failed to charge any offense."

Failure To Charge An Offense:
Pursuant to Fed. R. Crim. P. 12(b)(3): "A challenge to the Court's jurisdiction may be raised at any time, even for the first time on appeal." U.S. v. Card, 534 F. App'x 765, 767 (10th Cir 2013) U.S. v. Bustillo, 31 F.3d 931, 933 (10th Cir 1994) Likewise, Pursuant to Rule 12(b)(3) Fed. R. Crim. P. "A defendant 'cannot' waive the right to challenge an indictment based upon 'failure to charge an offense.' U.S. v. Sinks, 473 F.3d 1315, 1320-21 (10th Cir 2007) And = "Shall be noticed by the court at any time during pendency of the proceeding." U.S. v. Valadez-Camarena, 402 F.3d 1259, 1260-61 (10th Cir 2005)

18 USC 3231:
It is beyond clear that Congress, in passing 3231

Provided that "the district courts of the United States shall have original and exclusive jurisdiction over all offenses against the laws of the United States." As such, when the <u>indictment</u> fails to charge <u>INTENT</u> "No Crime" has occurred. GONZALES at 148 Id. Therefore;

"the <u>indictment</u> charged conduct <u>outside</u> the sweep of charging statute." U.S. v. Washington, 653 F.3d 1251 a 1258 (10th Cir 2011) quoting U.S. v. Peter, 310 F.3d 709 713 (11th Cir 2002) thus, "failed" to invoke the Court's jurisdiction. quoting U.S. v. Flanders, 752 F.3d 1317 (11th Cir 2014) U.S. v. Pacchioli, 718 F.3d 1294 a 1307 (11th Cir 2013) revealing the "jurisdictional defect" of the Court. quoting Steel Co. v. Citizens for A Btr. Env., 523 U.S. 83, 94-95, 140 L.Ed.2d 210, 118 S.Ct 1003 (1998) Insur. Corp v. Compagnie des Bauxites, 456 U.S. 694, 702, 72 L.Ed.2d 492, 102 S.Ct 2099 (1982)

As such, the indictment's failure to state an offense or to invoke the Court's jurisdiction is a clearly "jurisdictional defect" one that strips the Court of its power to act and makes its judgement void." quoting McCoy v. U.S., 266 F.3d 1245 a 1249 (11th Cir 20__) U.S. v. O'Brien, 560 U.S. 218, 130 S.Ct 2169 a 2174, 176 L.Ed.2d 979 (2010)

Furthermore, the record clearly reveals that the "indict__ "failed" to charge intent" as a required "essential element" further proving violations of Petitioner's Constitution

## Elonis Requires Reversal:

In ELONIS, at 2011 Id. the Court stated," Elonis's conviction, however, was premised solely on how his posts would be understood by a "reasonable person." Such a "reasonable person" standard is a familiar feature of civil liability in tort law, but is "inconsistent" with the conventional requirement for criminal conduct — awareness of some wrongdoing." citing Staples v. U.S, 511 U.S 600, 606-07, 114 S.ct 1793, 128 L.Ed.2d 608 (1994). The court further holds,

"Having liability turn on whether a "reasonable person" regards the communication as a threat — regardless of what the defendant thinks — "reduces culpability on the 'all important element' of the crime to negligence." And, "[W]e have long been 'reluctant' to infer that a 'negligence standard' was intended in criminal statutes." citing Rogers v. U.S, 422 U.S. 35 at 47, 95 S.ct 2091, 45 L.Ed.2d (1975) "Under these principles, What [ELONIS] thinks does not..."

And in ELONIS, Page 2012-2013 Id the Court held, "In light of the foregoing, Elonis's conviction cannot stand. The Jury was instructed that the government need prove only that a "reasonable person" would regard Elonis's communications as threats, and that was error...

"Our holding makes clear that "negligence" is not sufficient to support a conviction under section 875(c), "contrary" to the view of nine courts of appeals...

And as the [SG] stated in his answering brief, pg. 8 "Here, the Jury was instructed that it could find Petitioner guilty under section 876(c) if it determined that a 'reasonable recipient' would have understood Petitioner's communications as a threat. That was [error] under ELONIS. Because Petitioner's case is on direct review, ELONIS applies." See Griffith v. Kentucky, 479 U.S. 314, 328 (1987).

Plain Error:
As the [US] Sixth Circuit held in U.S. v. Houston, 2015 U.S. App. LEXIS 11810 (9 July 2015) (J. Sutton) "A grand Jury indicted Houston for transmitting a threat in interstate commerce, 18 USC 875(c)... applying then governing Sixth Circuit Precedent, instructed the Jury that Houston's statement was a true threat if a "reasonable person" would understand it as a serious expression of intent to inflict injury."

"The Supreme Court recently "reversed" a similar conviction under the same statute premised on a nearly identical Jury instruction. What was appropriate for Elonis is appropriate for Houston. We Reverse."

Thus, as here, Petitioner's convictions must be reversed as well. Petitioner was found guilty under the same "reasonable person test" which Elonis has now invalid[ated]

One: The instructions given at Petitioner's trial was erroneous. It permitted the jury to return a criminal conviction based on a "negligent state of mind: i.e.; "reasonable Person." Precisely what Elonis Proscribes.

Two: The "error" was "Plain" (1st), quoting directly from the [S.G.'s] answering brief, Page=9=: "When the Tenth Circuit decided Petitioner's appeal, it had [ALREADY] held in U.S. v. Heineman, 767 F.3d 970 (2014) that a showing of 'Subjective intent' is 'required' in 'any true-threat Prosecution'" § at 975-979. d

The Court nevertheless concluded that Petitioner cannot show an "error" that was "plain" because the rule announced in Heineman was "far from" clear or obvious.

At Page #10 of [its] brief, the [S.G.] further stated: "Under this Court's [S.Ct.] Precedents, however, the determination whether a trial-court error is "Plain" within the meaning of Fed. R. Crim. P. 52(b) depends on the 'state of the law' when the defendant's appeal is decided." (See Henderson v. U.S., 133 S.Ct. 1121 @ 1125-1131 (2013))

Thus, within the Tenth Circuit, HEINEMAN made it 'obvious' by the time of the decision below that the [jury instruction] given at Petitioner's trial was erroneous

..."And, even apart from *Heineman*, it is 'now' clear in light of *ELONIS* that the 'instruction given at Petitioner's Trial was 'deficient' for the same reason this Court held *ELONIS*" instruction to be deficient. For purposes of 'plain-error review' under *OLANO*, Petitioner therefore "can" establish that an instructional error occurred at his Trial and that the "error" is "plain" (See *OLANO*, 507 U.S. at 733-734, See also *HENDERSON*, 133 S.Ct. at 1125-1131 Id.)

Three: The "error" affected Petitioner's Substantial Rights. i.e., There is a "reasonable probability" that the Jury would have returned an acquittal had it been required to find a higher degree of intent. *U.S. v. Marcus*, 560 U.S. 258 @ 262, 130 S.Ct 2159, 176 L.Ed.2d 1012 (2010) (affected the outcome of the Trial) (citing *U.S. v. Cotton*, 535 U.S. 625 @ 632, 152 L.Ed.2d 860, 122 S.Ct. 1781 (2002)

Fifth Amendment Right:
Under the Substantive Due Process clause of the Fifth Amendment. "No Person may be punished criminally save upon proof of some specific illegal conduct." *U.S. v. Jackson*, 736 F.3d 953 @ 958-59 (10th Cir-2013) quoting *Schad v. Arizona*, 501 U.S. 624 @ 633, 111 S.Ct 2491, 115 L.Ed.2d 555 (1991) As such, the indictment's failure to notify Petitioner of the specific conduct prohibited, requires reversal on this ground.

**Sixth Amendment Right:**
The Sixth Amendment not only guarantees the Right to Trial by Jury. But it also guarantees, that a criminal defendant is entitled to a jury determination on "every essential element" of the crime, which with a defendant is charged, beyond a reasonable doubt. Jones v. U.S, 526 U.S. 227 to 232, 119 S.ct. 1215, 143 L.Ed.2d 311 (1999); U.S. v Gaudin, 515 U.S. 506 to 509-10, 132 L.Ed.2d 444, 115 S.ct 2310 (1995)

And since the "mens rea" element of "intent" was "never" charged as required MORISSETTE, at 250 Id. nor ~~beyond~~ Proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 to 319, 61 L.Ed.2d 560, 99 S.ct 2781 (1979) Not only reveals a violation of Petitioner's Sixth Amendment Right. But further proves that "NO CRIME" ever occurred. GONZALES, 520 U.S. at 148 Id.

**Four:** The Trial Court's "error" Seriously affects the fairness, integrity, or Public reputation of Judicial proceedings. OLANO, 507 U.S. at 736 Id. COTTON, 535 U.S. at 633 Id. Johnson v U.S, 520 U.S. 461 to 470, 117 S.ct 1544, 137 L.Ed.2d 718 (1997)

Thus, Petitioner has met the So-called Four-Prong test that "requires reversal" of his convictions. U.S. v. Martinez, 136 F.Appx 173 at 175 (10th cir. 2005) U.S. v. Hopkins, 528 F.Appx 782 (10th cir 2013) U.S. v. Mendiola, 696 F.3d 1033 at 1036 (10th cir 2012)

Retrial Barred:
In U.S. v Bader, 678 F.3d 858 @ 875-76 (10 Cir. 2012) this Court held; "reversal of a defendant's conviction "Bars retrial" only where the government presents "no evidence" that could support his conviction." U.S. v Nacchio, 519 F.3d 1140 (10th Cir 2008) Anderson v Mullin, 327 F.3d 1148 @ 1155 (10 Cir 2007)

A review of Petitioner's direct appeal Brief (25 Sept 2014) reveals that "all" of the government's witnesses all stated under oath, that Petitioner "never" expressed his "intent" to injure anyone. (4 Jays Cripps: (vol. 6 P. 28, 32, 179 & 187-88) Maria Cornette: (vol. 6, P. 274-75) Charysee Alexander: (vol. 6, Page 241) and David Cepa: (vol. 6, P. 386)

Thus, the government "cannot" present any evidence to support Petitioner's conviction. Thus, the double jeopardy clause of the Fifth Amendment absolutely "bars" any Retrial. U.S. v Crotwell, 896 F.2d 437 @ 441 (10 Cir 1990)

Release Pending Appeal:
And since this court is "bound to obey" the Supreme Court's ruling in ELONIS. McKissick v Yen, 618 F.3d 1177 @ 1198 (10 Cir 2013) Petitioner would like to re-new his motion for release pending appeal. Pursuant to 18 USC 3142(c), 18 USC 3143 @ (c), (b)(1) and 18 USC 3145. U.S. v Frank Felter, 363 Fed Appx 675 @ 678 (10 Cir 2010) U.S. v Affleck, 765 F.2d 944 @ 952 (10 Cir 1985)

## CONCLUSION

Petitioner has answered the Panel's question. As to why ECONIS requires "reversal" of Petitioner's conviction. And why Placement in a "half-way" house would be appropriate. So Petitioner can begin looking for employment. And to renew his driver's License... In the intern, Petitioner, is clearly entitled to "immediate release." Boumediene v. Bush, 171 U.S. 2d 41 n 85 (2008) "where imprisonment is unlawful the court can (only) direct the Prisoner to be discharged."

*M.A. [signature]*

### Certificate of Service

This is to certify that all Parties to be served have been with the correct postage and Pursuant to Rule 4 Fed. R. Civ. P. and the Prison Mail Box Rule Etc.

J. Bishop Grewell
Asst. U.S. Attorney (Denver)
1225 17th St. Ste 700
Denver CO. 80202

M.A. Swift
Pro Se 18058-018
USP Max P.O.B 8500
Florence CO 81226

This 14th day of October 2015

CC on file