No. 14-1173

In the United States Court of Appeals
For the Tenth Circuit
_____

**United States of America**,
Plaintiff-Appellee,

v.

**Andre J. Twitty**,
Defendant-Appellant.
_____

On Appeal from the United States District Court
for the District of Colorado
Honorable R. Brooke Jackson
D.C. No. 13-CR-00076-RBJ

_____

**Supplemental Brief of the United States**
_____


John F. Walsh
United States Attorney

J. Bishop Grewell
Assistant U.S. Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100

Attorneys for Appellee


**Oral Argument Is Not Requested**

# TABLE OF CONTENTS

Table of Contents ............................................................................... i

Table of Authorities ........................................................................... ii

Background ........................................................................................ 1

Argument ............................................................................................ 3

    I.  This case was remanded because one of the court's justifications for denying a challenge based on subjective intent was erroneous. ............................................... 4

    II.  Twitty has not demonstrated an error that affects substantial rights or that must be corrected to avoid a miscarriage of justice. ................................................. 5

Conclusion .......................................................................................... 9

Certificate of Compliance ................................................................ 11

Certificate of Service ....................................................................... 12

Certificate of Digital Submission .................................................... 13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abernathy v. Wandes*,
    713 F.3d 538 (10th Cir. 2013).........................................................2

*Elonis v. United States*,
    135 S. Ct. 2001 (2015)........................................................2, 3, 5, 6

*Elonis v. United States*,
    575 U.S. ___ (2015) ...............................................................5

*Henderson v. United States*,
    133 S. Ct. 1121 (2013)............................................................5

*Johnson v. United States*,
    520 U.S. 461 (1997)...............................................................7

*Twitty v. United States*,
    2015 WL 3510151 (No. 14-10061) (Oct. 5, 2015) ............................3

*United States v. Bader*,
    678 F.3d 858 (10th Cir. 2012).....................................................7

*United States v. Baldwin*,
    745 F.3d 1027 (10th Cir. 2014)....................................................6

*United States v. DeChristopher*,
    695 F.3d 1082 (10th Cir. 2012)....................................................5

*United States v. Frost*,
    684 F.3d 963 (10th Cir. 2012).....................................................4

*United States v. Gonzalez-Edeza*,
    359 F.3d 1246 (10th Cir. 2004)....................................................7

*United States v. Heineman,*
 767 F.3d 970 (10th Cir. 2014) .................................................2, 4, 5

*United States v. Kaufman,*
 546 F.3d 1242 (10th Cir. 2008) ........................................................6

*United States v. Twitty,*
 591 Fed. Appx. 676 (10th Cir. 2015) (unpublished). ..............*passim*

**FEDERAL STATUTES**

18 U.S.C. § 875(c) ................................................................................2, 4

18 U.S.C. § 876(c) ...................................................................................1

The United States files this brief in response to the court's request for supplemental briefing.

## BACKGROUND

While serving prison time for making bomb threats and threatening a federal officer, Andre Twitty wrote threatening letters to a federal judge and to the United States Attorneys' Office in Georgia. *United States v. Twitty*, 591 Fed. Appx. 676, 677 (10th Cir. 2015) (unpublished). A jury convicted him of two counts of writing threatening communications in violation of 18 U.S.C. § 876(c). *Id.* at 679. He was sentenced to 108 months in prison. *Id.*

On appeal, this court considered Twitty's challenges: (1) a sufficiency challenge to whether he had knowingly deposited/ delivered the threatening letters, (2) a sufficiency challenge to whether the letters contained true threats, and (3) a challenge to the prosecutor referencing Timothy McVeigh during closing arguments. *Id.* at 679-83. It rejected all of these challenges. *Id.*

This court also addressed a passing reference in Twitty's brief to the *Elonis* case pending before the Supreme Court. *Id.* at 682 n.4. *Elonis* asked whether subjective intent is required for a prosecution

1

under 18 U.S.C. § 875(c). *Elonis v. United States*, 135 S. Ct. 2001, 2004 (2015). But this court had already decided in *United States v. Heineman*, 767 F.3d 970, 978 (10th Cir. 2014), that any true-threat prosecution requires proof "the defendant subjectively intended the recipient to feel threatened." *Twitty*, 591 Fed. Appx. at 682 n.4. Because Twitty had not raised subjective-intent below, his claim could be reviewed only for plain error. *Id.*

The panel gave two reasons why requiring subjective-intent did not affect Twitty's convictions on plain error review. First, Twitty had not tried to show how the alleged error met the plain error test, so the court "could decline to consider the argument altogether." *Id.* at 682 n.4 (citing *Abernathy v. Wandes*, 713 F.3d 538, 551 (10th Cir. 2013)). Second, the court claimed that Twitty could not meet the second prong of plain error. It said that the error established by *Heineman* was "far from clear or obvious" in light of some other circuits previously reaching a contrary conclusion. *Id.*

Five months later, the Supreme Court decided *Elonis*. It concluded that the requisite mens rea for § 875(c) exists when the defendant "transmits a communication for the purpose of issuing a

2

threat, or with knowledge that the communication will be viewed as a threat." 135 S. Ct. at 2012. Negligence (an objective standard) was insufficient to convict, but the court did not address recklessness (another objective standard) or whether the First Amendment requires proof of subjective intent. *Id.*

On October 5, 2015, the Supreme Court granted certiorari in this case, vacated the judgment, and remanded "for further consideration in light of *Elonis v. United States*, 575 U. S. ___ (2015)." *Twitty v. United States*, 2015 WL 3510151 (No. 14-10061) (Oct. 5, 2015). This court then ordered supplemental briefing.

## ARGUMENT

The Supreme Court's *Elonis* decision does not change the fact that Twitty never raised subjective intent as an issue before the district court in this case. *Twitty*, 591 Fed. Appx. at 682 n.4. That means any *Elonis* claims must be reviewed for plain error.

Plain error requires a showing of four things to merit reversal: (1) error (2) that was plain (3) that affected substantial rights and (4) that seriously affected the fairness, integrity, or public reputation of

3

the judicial proceedings. *United States v. Frost*, 684 F.3d 963, 971 (10th Cir. 2012).

This court should conclude that Twitty has failed to meet prongs three and four of plain error.

### I. This case was remanded because one of the court's justifications for denying a challenge based on subjective intent was erroneous.

The *Elonis* decision did not change the law in this Circuit. Under *Heineman*, this court requires the government to prove subjective intent in all true-threat prosecutions. 767 F.3d at 978, 982. The decision in *Elonis* —that a subjective intent to threaten satisfies 18 U.S.C. § 875(c)— is in accord with *Heineman*. But *Heineman* also makes clear that the panel erred in applying the second prong of the plain error test to Twitty.

The panel erred when it stated that it was "far from clear or obvious" that subjective intent was required in light of other circuits' contrary conclusions before *Heineman*. 591 Fed. Appx. at 682 n.4. The panel was correct that *Heineman* requires subjective intent for all true-threat prosecutions, and that an error is "clear or obvious" when this circuit has addressed the issue. 591 Fed. Appx. at 682 n.4

(citing *United States v. DeChristopher*, 695 F.3d 1082, 1091 (10th Cir. 2012). But it follows from those two conclusions that *Heineman* made the subjective-intent requirement "clear or obvious."

The panel may have thought that the error was not clear or obvious because *Heineman* was decided after Twitty's trial. But an error is clear so long as the law was settled during the pendency of the appeal. *Henderson v. United States*, 133 S. Ct. 1121, 1124-25 (2013) (a point of law is plain when it is settled during the pendency of an appeal even if it was unsettled when the trial court acted). Because *Heineman* was decided during Twitty's appeal, it was clear or obvious that subjective intent was needed to convict Twitty.

Despite the panel's erroneous application of plain error's second prong, Twitty's convictions should be affirmed.

**II.    Twitty has not demonstrated an error that affects substantial rights or that must be corrected to avoid a miscarriage of justice.**

To prevail on plain error review, Twitty must still meet the third and fourth prongs of plain error review. He must show that the alleged error "affects his substantial rights, and that it seriously implicates the fairness, integrity, or public reputation of judicial

5

proceedings." *United States v. Baldwin*, 745 F.3d 1027, 1034 (10th Cir. 2014). To show that his substantial rights were affected, Twitty must show "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Kaufman*, 546 F.3d 1242, 1252 (10th Cir. 2008). And to meet the last prong of plain error, he must show that the error "is particularly egregious and the failure to remand for correction would produce a miscarriage of justice." *Id.*

To the extent that Twitty has stated a subjective-intent claim on appeal, it is one that goes to the sufficiency of the evidence. Twitty cited *Elonis* in the part of his opening brief that focused on the sufficiency of the evidence, and he repeatedly stated that the record provided no evidence for inferring that he had the requisite subjective intent. Br. at 17-22.[1] His statement of the issues also

---

[1] Twitty could have raised *Elonis* as a jury instruction issue, but his opening brief never mentioned jury instructions. Moreover, unlike a sufficiency challenge, a problem with jury instructions would not provide the relief that Twitty is seeking: a bar on retrial. Even if Twitty raised a jury instruction issue, he still could not meet the third and fourth prongs of plain error. A jury presented with a subjective-intent instruction would still have convicted Twitty — already incarcerated for bomb threats and threatening a federal officer (591 Fed. Appx. at 677)— based on his letters.

6

raised sufficiency of the evidence. Br. at 9. His recent filings also suggest that his claim is one of insufficient evidence. See Sept. 17, 2015 Motion to Bar Any Retrial and Brief in Support (citing *United States v. Bader*, 678 F.3d 858, 875 (10th Cir. 2012) to argue double jeopardy bars retrial when there is insufficient evidence).

Twitty cannot meet the final two prongs of plain error because plenty of evidence was presented at trial that he possessed the subjective intent to threaten. *Accord United States v. Gonzalez-Edeza*, 359 F.3d 1246, 1251 (10th Cir. 2004) (where "evidence of a defendant's guilt on the challenged point is 'overwhelming' and 'essentially uncontroverted,'" the fourth prong prohibits the appellate court from recognizing plain error); *Cf. Johnson v. United States*, 520 U.S. 461, 470 (1997) (failure to submit materiality issue to jury did not meet fourth prong). The content of Twitty's threatening letters, their intended recipients, and his decision to mail the letters out were decisive evidence of his subjective intent to threaten.

This court recounted the chilling language of the letters in its earlier ruling. Twitty mailed one letter to the U.S. Attorney's Office that had prosecuted him for the bomb threats which led to his

incarceration in federal prison. *Twitty*, 591 Fed Appx. at 678. In it, he talked about how he would love to see someone blow off the head of the AUSA who prosecuted him. *Id*. "That is my wish!!!" *Id*. He discussed his dreams of torturing the AUSA and killing him. *Id*. He concluded by "keep[ing his] mind" on an AUSA who was shot to death, the AUSA who prosecuted him thinking he will get away with it, and on how he (Twitty) would get justice before committing suicide so no one could get back at him. *Id*. at 678-79.

He mailed the other letter to the federal judge who denied his motions seeking habeas relief. *Id*. at 677. He said that he had the judge "on Lock," along with judges from the Second and Eleventh Circuits. *Id*. He explained there were "only 27 [months] left to play this game" and talked about a child shot during the killing of a judge in Tucson. *Id*. He suggested that he possessed numerous weapons, including the poison ricin, before concluding "Justice will be mine! Even if I have to DIE!! To get it! . . . You all don't respect the law. And neither do I. So let's just wait!! Time is not a factor!" *Id*.

Given the letters' language and the fact that Twitty was sending them to the people and offices involved in his continued

8

incarceration, there was no reason to think the letters reflected anything other than a subjective intent to threaten. The evidence easily meets a sufficiency standard. The evidence even included Twitty's admission to a U.S. Marshal that "it may have been his intent to make people nervous" and that people could infer a threat even though his letters did not contain a "direct threat."[2]

The unpreserved error here did not affect the trial or result in a miscarriage of justice.

## CONCLUSION

This court should affirm Twitty's convictions because he cannot meet the final two prongs of the plain error test.

---

[2] Volume VI of the Record on Appeal, page 163.

DATED this 28th day of October, 2015.

        Respectfully submitted,

        JOHN F. WALSH
        United States Attorney

        /s/ J. Bishop Grewell
        J. BISHOP GREWELL
        Assistant United States Attorney
        1225 17th Street, Suite 700
        Denver, Colorado 80202
        (303) 454-0100
        Email Address:
        USACO.ECFappellate@usdoj.gov
        Bishop.Grewell@usdoj.gov

        Attorneys for Plaintiff-Appellee

# CERTIFICATE OF COMPLIANCE

As required by Fed. R. App. P. 32(a)(7)(C), I certify that the attached brief is less than 20 pages — the length set out by the court's order for the supplemental briefing.

DATED: October 28, 2015  /s/ J. Bishop Grewell
J. BISHOP GREWELL
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit, using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that one of the participants in the case is not a registered CM/ECF user. I have mailed the foregoing document First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

    Andre J. Twitty
    #18558-018
    USP – Florence Admax
    5880 Hwy 67 South
    Florence, CO  81226

                                      /s/ J. Bishop Grewell
                                      J. BISHOP GREWELL
                                        Assistant U.S. Attorney
                                        Attorney for Appellee

# CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing

(1) all required privacy redactions have been made;

(2) if required to file additional hard copies, that the ECF submission is anexact copy of those documents;

(3) The digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, TREND MICRO Office Scan for Windows, Version 10.6.5614, Engine Version 9.800.1009, Virus Pattern File 12.115.00, dated 10/27/15 and according to the program are free of viruses.

*s/Dorothy Burwell*
U.S. Attorney's Office
